Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| MUNICIPIO DE CAGUAS<br><br>Peticionario<br><br><br>v.<br><br><br>HORTENSIA FONTÁNEZ Y OTROS<br><br>Recurridos | KLCE202201295 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil número: CG2021CV02849<br><br>Sobre: Expropiación Forzosa |

Panel integrado por su presidenta, la jueza Birriel Cardona, los jueces Bonilla Ortiz y Pagán Ocasio.

Birriel Cardona, Jueza Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2023.

Comparece el Centro de Recaudación de Ingresos Municipales (CRIM o la parte recurrente) y solicita la revocación de la *Resolución* emitida el 17 de mayo de 2022, por el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario), notificada al día siguiente. Mediante la Resolución recurrida el foro primario declaró No Ha Lugar la *Comparecencia Especial para Notificar Contribuciones Adeudadas* presentada por el CRIM en el pleito sobre petición sobre expropiación forzosa de una propiedad declarada estorbo público, presentada por el Municipio de Caguas ante el TPI.

Por los fundamentos que pasamos a exponer, denegamos la expedición del auto de *certiorari* solicitado por el CRIM.

I

El 4 de noviembre de 2021, el Municipio de Caguas presentó ante foro primario una Petición de Expropiación Forzosa con

Número Identificador

RES2023 _____

designación alfanumérica CG2021CV02849, sobre un inmueble previamente declarado estorbo público. El Municipio de Caguas estimó que la justa y razonable compensación que debe pagar por la adquisición en pleno dominio sobre el inmueble asciende a $14,000.00.  Sin embargo, el Municipio de Caguas alegó que conforme a la Sección 5 (a) de la Ley General de expropiación Forzosa., 32 LPRA sec. 2907, por exceder la cantidad de la deuda por contribución y por gastos de limpieza y mantenimiento y gastos necesarios y convenientes a los fines de eliminar la condición de estorbo público al valor de tasación, existe una deficiencia a favor Municipio de Caguas de $13,169.26 por lo que no se requiere depósito de suma alguna en el tribunal por concepto de justa compensación.

El 4 de enero de 2022, el CRIM compareció ante el TPI presentó Comparecencia Especial *para Notificar Contribuciones Adeudadas* en la que reclamó el cobro de una contribución de $7.831.06 sobre el inmueble declarado estorbo público y objeto de la petición de expropiación. En esencia, el CRIM adujo que sobre el referido inmueble existe una deuda a su favor por la suma de $7,831.06 a la fecha de presentación de la petición de expropiación forzosa; que el CRIM tiene una acreencia por concepto de contribuciones sobre la propiedad adeudada; solicitó que se expidiera un cheque a su favor por dicha suma y sostuvo que esa cantidad debería restarse al valor de tasación al momento en que el Tribunal calcule la justa compensación.

El 2 de febrero de 2022, el Municipio de Caguas presentó oposición a la solicitud del CRIM en la Comparecencia Especial y argumentó que conforme a la Sección 5 (a) de la Ley General de Expropiación Forzosa, puede descontar la deuda del CRIM y los gastos de limpieza y mantenimiento de la propiedad declarada

estorbo, al momento de estimar la justa compensación y de consignar el dinero en el Tribunal pues la deuda con el CRIM queda cancelada en su totalidad.

Mediante Resolución emitida el 17 de mayo de 2022, notificada al día siguiente, el TPI declaró No Ha Lugar la *Comparecencia Especial para Notificar Contribuciones Adeudadas* presentada por el CRIM el 4 de enero de 2022, en el pleito sobre petición de expropiación forzosa presentada por el Municipio de Caguas referente a la propiedad declarada estorbo público. Concluyó el foro primario que el CRIM carece de legitimación activa por no verse afectada su acreencia por los descuentos realizados por el Municipio. Asimismo concluyó el TPI que el municipio puede descontar la deuda del CRIM y los gastos de limpieza y mantenimiento de la propiedad declarada estorbo, al momento de estimar la justa compensación y cualquier otro gasto necesario a los fines de eliminar la condición de estorbo público del inmueble, al momento de presentar la acción judicial de expropiación forzosa.

El 1 de junio de 2022, el CRIM sometió escrito de reconsideración ante el TPI. Mediante Resolución emitida y notificada el 28 de octubre de 2020, el foro primario declaró no ha lugar la solicitud de reconsideración presentada por el CRIM

Inconforme, el CRIM compareció ante este Tribunal de Apelaciones oportunamente mediante el recurso de epígrafe y señala la comisión de los siguientes errores por parte del foro primario:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL INTERPRETAR QUE EL MUNICIPIO TIENE FACULTAD CONCEDIDA POR LA SECCIÓN 5A DE LA LEY GENERAL DE EXPROPIACIÓN FORZOSA Y POR EL CÓDIGO MUNICIPAL DE 2020, ARTÍCULO 4.010(d), Y PARA DESCONTAR LA SUMA DE TASACIÓN DETERMINADA TODAS LAS DEUDAS, INTERESES, RECARGOS Y

PENALIDADES, QUE CORRESPONDAN A CONTRIBUCIONES SOBRE LA PROPIEDAD INMUEBLE, Y DE LOS GRAVÁMENES, GASTOS DE LIMPIEZA Y MANTENIMIENTO Y/O CUALQUIER OTRO GASTO NECESARIO Y CONVENIENTE A LOS FUNES DE ELIMINAR LA CONDICIÓN DE ESTORBO PÚBLICO, PREVIO A INICIAR EN EL TRIBUNAL LA PETICIÓN DE EXPROPIACIÓN SIN DETERMINACIÓN DE JUSTA COMPENSACIÓN POR EL TPI.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DECRETAR LA INCONSTITUCIONALIDAD DE DICHO ACTO YA QUE EL MISMO CONSTITUYE UNO QUE ES CONTRARIO A LA SEPARACIÓN DE PODERES DE NUESTRA CONSTITUCIÓN Y CUANDO RESULTA CONTRARIO CON LAS DISPOSICIONES RELACIONADAS CON LAS FACULTADES DEL CRIM, AL FIDEICOMISO ESTABLECIDO, LA DISTRIBUCIÓN ESTATUIDA DEL RECAUDO Y LA PRELACIÓN DE REDENCIÓN DE DEUDAS ESTATALES Y MUNICIPALES ESTABLECIDA EN LA LEY 107-2020.

El 19 de diciembre de 2022, compareció ante nos el Municipio de Caguas mediante *Alegato en Oposición.* En ajustada síntesis, el Municipio de Caguas sostiene que no incidió el TPI al declarar No Ha Lugar la *Comparecencia Especial para Notificar Contribuciones Adeudadas* presentada por el CRIM el 4 de enero de 2022, en el pleito sobre petición de expropiación forzosa presentada por el Municipio de Caguas referente a la propiedad declarada estorbo público. Razona el Municipio de Caguas que toda vez que se trata de la expropiación forzosa de un inmueble declarado estorbo público, el dueño de la propiedad tiene un debido proceso de ley que incluye la celebración de una vista sobre declaración de estorbo por necesidad pública y que el CRIM no tiene autoridad para cobrar contribuciones en expropiaciones de inmuebles declarados estorbos públicos, ni para cuestionar el valor de propiedad.

II

A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). Véase, además, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, fija los asuntos aptos para que revisemos resoluciones interlocutorias. La referida regla dispone que:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Íd.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Esta Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. (Énfasis nuestro).

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción, y tampoco constituyen una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560.

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.*, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al. v. ACBI et al.*, ante; *Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009);

*Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.,* ante, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, supra, pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

III

Tras un análisis del caso de marras, a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, procede abstenernos de ejercer nuestra función revisora. Conforme a dichos criterios no surge que el remedio o la disposición de la Resolución recurrido, sean contraria a derecho. Tampoco que el foro primario haya incurrido en prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención.

Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de

derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

Destacamos además, que es doctrina reiterada que una resolución denegatoria de un auto de *certiorari* no implica posición alguna del Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso. *Núñez Borges v. Paunetto Rivera,* 130 DPR 749, 755 (1992). La denegatoria del tribunal en cuanto a su expedición, no prejuzga el asunto. Así pues, nada impide que, luego de que el Tribunal de Primera Instancia adjudique finalmente la cuestión, quien resulte afectado por el dictamen, pueda reproducir sus planteamientos de oposición mediante el correspondiente recurso de apelación. *Véase, Núñez Borges v. Paunetto Rivera* supra, a las págs. 755-766

IV

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esa Resolución, denegamos la expedición del auto de *Certiorari* solicitado por CRIM.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones